**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RONALD LICKTEIG, | Civil Action No. 19-cv-05263-GHW |
| Plaintiff, | ECF Case |
| - against - | |
| CERBERUS CAPITAL MANAGEMENT, L.P., COVIS PHARMACEUTICALS, INC., COVIS MANAGEMENT INVESTORS LLC, and COVIS HOLDINGS, L.P., | Oral Argument Requested |
| Defendants. | |

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCLUDE THE PROFFERED EXPERT TESTIMONY OF JEFFREY AMMERMAN**

---

ROLNICK KRAMER SADIGHI LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 597-2800

*Attorneys for Defendants*

## <u>**TABLE OF CONTENTS**</u>

P<small>AGE</small>

TABLE OF AUTHORITIES ......................................................................................................... iii

PRELIMINARY STATEMENT ...................................................................................................... 1

FACTUAL AND PRODEDURAL BACKGROUND ...................................................................... 2

   A.  Plaintiff's Claims ................................................................................................................ 2

   B.  Ammerman and his Fact Deposition.................................................................................. 3

   C.  Ammerman's Expert Designation and Deposition ............................................................ 6

ARGUMENT .................................................................................................................................... 8

   I.   Ammerman's Testimony is Inadmissible as Expert Testimony ........................................ 8

    A. Ammerman's Valuation Was Based on Incomplete and Insufficient Data ...................... 9

    B. Ammerman Did Not Use a Reliable Methodology for Determining an Appropriate
       EBITDA Multiple ........................................................................................................... 11

   CONCLUSION................................................................................................................................ 12

# <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

**CASES**

*523 IP LLC v. CureMD.Com,*
   48 F. Supp. 3d 600 (S.D.N.Y. 2014) ........................................................................ 8

*Amorgianos v. National R.R. Passenger Corp.,*
   303 F.3d 256 (2d Cir. 2002) ..................................................................................... 10

*Bayoh v. Afropunk LLC,*
   2020 WL 6269300 (S.D.N.Y. Oct. 26, 2020) .......................................................... 11

*Bickerstaff v. Vassar College,*
   196 F.3d 435 (2d Cir. 1999) ..................................................................................... 10

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,*
   509 U.S. 579 (1993) ................................................................................................. 8

*Edmondson v. RCI Hosp. Holdings, Inc.,*
   2020 WL 1503452 (S.D.N.Y. Mar. 30, 2020) ......................................................... 11

*Lippe v. Bairnco Corp.,*
   99 F. App'x 274 (2d Cir. 2004) ................................................................................ 12

*MTX Communications Corp. v. LDDS/WorldCom, Inc.,*
   132 F.Supp.2d 289 (S.D.N.Y. 2001) ........................................................................ 10

*Nimely v. City of New York,*
   414 F.3d 381 (2d Cir. 2005) ..................................................................................... 8

**RULES**

Fed. R. Civ. P. 702 .......................................................................................................... 8, 9

Defendants Cerberus Capital Management, L.P. ("Cerberus"), Covis Holdings L.P. ("Covis Holdings"), Covis Pharmaceuticals, Inc. ("CPI"), and Covis Management Investors LLC (the "MIP Limited Partner" and, collectively with Cerberus, Covis Holdings and CPI, "Defendants"), respectfully submit this memorandum of law in support of their motion to exclude the proffered expert testimony of Mr. Jeffrey Ammerman ("Ammerman"), who was designated by Plaintiff Ronald Lickteig ("Lickteig" or "Plaintiff") as a Non-Retained Expert.

## PRELIMINARY STATEMENT

Defendants hereby move to exclude the purported expert testimony of third-party witness and designated non-retained expert Mr. Jeffrey Ammerman.  In Plaintiff's Disclosure of Non-Retained Expert Witness, Plaintiff stated that "Mr. Ammerman is expected to present expert testimony related to liability and damages" as to "Plaintiff's claims [which] relate to the value of Covis Pharma Holdings S.à.r.l. . . . as of June 6, 2014."  Because Mr. Ammerman will not appear at trial, Plaintiff seeks to rely on two documents – prepared as of July 22, 2014 and August 1, 2014 respectively – that he asserts contain Mr. Ammerman's expert "opinions regarding the value of Covis."[1]  However, Mr. Ammerman himself testified at deposition that, among other things: ███

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████  ████████████████

███████████████████████████████████████████████████, and

---

[1] The Covis enterprise consisted of onshore and offshore entities, including Covis Holdings, CPI, and non-party Covis Pharma Holdings S.à.rl.  For purposes of this motion, "Covis" refers to the enterprise as a whole.

because the preliminary work produced by Mr. Ammerman upon which Plaintiff seeks to rely does not meet the stringent reliability standards established by the Federal Rules of Evidence for an expert opinion, Defendants respectfully submit that the Court should exclude Mr. Ammerman's purported expert testimony.

## FACTUAL AND PRODEDURAL BACKGROUND

### A. Plaintiff's Claims

When Plaintiff was hired by CPI, he was granted certain contractual profits interests (the "Profits Interests") in Covis Holdings via a Contribution Agreement. *See* Ex. 1.[2] Per the terms of the Contribution Agreement, upon Lickteig's separation from CPI, Lickteig had an option to "put" his vested profits interests to the MIP Limited Partner (the "Put Option"), and the MIP Limited Partner would be obligated to repurchase them for "Fair Market Value." *Id.* at LICKTEIG0000557. The MIP Limited Partner's operating agreement provided the following definition of Fair Market Value: "the fair market value of such Profits Interest … as determined in good faith by the Board of Managers, taking into account all relevant factors, including without limitation the most recent valuation, prior to such determination, of the Company and/or its equity interests." Ex. 2 at LICKTEIG0000518-19.

On May 20, 2014, Plaintiff gave written notice of his resignation from CPI. Ex. 3 at CPI-SDNY-00004214. On June 9, 2014, Plaintiff tendered written notice of his exercise of the Put Option as of his termination date of June 6, 2014 (the "Valuation Date"). Ex. 4 at LICKTEIG0000646. On July 12, 2014, Plaintiff was provided with a written confirmation of the valuation of his Profits Interests (the "Lickteig Valuation"), valuing the interests at $1.1 million

---

[2] All citations to "Ex.___" are to the Exhibits to the Declaration of Frank T.M. Catalina in support of Defendants' Motion to Exclude the Proffered Expert Testimony of Jeffrey Ammerman filed contemporaneously herewith.

based on a total enterprise value ("TEV") of Covis Holdings of $466 million.  Ex. 5.  Following a negotiation, Covis advised that it was willing "to acquire all of [Plaintiff's] Profits Interests in complete settlement for $1.3 million," *id.* at LICKTEIG0000820, and Plaintiff agreed.  Ex. 6 at LICKTEIG0000848 ("I am in agreement with a complete settlement of $1.3M for the Lickteig vested Profit Share Interests.").

Plaintiff brought this action alleging securities fraud in connection with the exercise of the Put Option.  In particular, Plaintiff alleges that the adjusted EBITDA figures and the valuation multiple of 7.5x used in the Lickteig Valuation were false and/or materially misleading, and undervalued his Profits Interests.  (*See* ECF No. 92 ¶ 58.).

**B.  Ammerman and his Fact Deposition**

Mr. Ammerman is an investment banker and managing director at Piper Sandler & Co., f/k/a Piper Jaffray & Co. ("Piper Sandler").  Ex. 10. ██████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████

          ████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████  ████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████  ████████████

███████████████████████████████████████████████████████████

████████████████████████████████████

Ammerman also confirmed ██████████████████████████████████

███████████████████████████████████████████████████████████

 █ ███████████████████████████████████████████████████
  ████████████████████████████

 █ ███████████████████████████████████████████████████
  █████████████

 █ ███████████████████████████████████████████████████
  ███████████████████████████████████████████████████
  ███████████████████████████████████████████████████
  ███████████████████████████████████████████████████
  ████████████████████████████████████

 █ ███████████████████████████████████████████████████
  ████████████████████████.

Ammerman  further  emphasized ██████████████████████████████

███████████████████████████████████████████████████████████

  █████████████████████████████████  ████████████████
  ███████████████████████████████████████████████
  ███████████████████████████████████████████████
  ███████████████████████████████████████████████
  ███████████████████████████████████████████████
  ████████████████████████████████

████████████████

████████████████████████████████████████████ ▪ ███

█████████████████████████████████████████████████

█████████████████████████████████████████████████

        █████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████

### C. Ammerman's Expert Designation and Deposition

On March 15, 2021, Plaintiff designated Ammerman as a non-retained expert witness "to present expert testimony related to liability and damages," including opinions "regarding the value of Covis" allegedly contained in the two Project Colorado Discussion Materials prepared by his team for the benefit of Impax.  Ex. 12.  Plaintiff's designation of Ammerman as an expert was without Mr. Ammerman's knowledge or consent.  Ex. 9 at 10:15-17.

Because Ammerman had not been proffered as an expert before his first (fact) deposition, following Plaintiff's notice of designation, Defendants subpoenaed Ammerman for an expert deposition.  *See* Ex. 12. █████████████████████████████████████

█████████████████████████████████████████████████

---

[3] █████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
██████████████████████████████████

# ARGUMENT

## I.  Ammerman's Testimony is Inadmissible as Expert Testimony

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Proposed expert testimony is not admissible if it is based on "subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993).

The Second Circuit has set forth a three-part test for assessing the admissibility of expert testimony under Rule 702 and *Daubert*: "(i) whether the witness is qualified to be an expert; (ii) whether the opinion is based upon reliable data and methodology; and (iii) whether the expert's testimony on a particular issue will assist the trier of fact." *523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 600, 642 (S.D.N.Y. 2014) (citing *Nimely v. City of New York*, 414 F.3d 381, 396 (2d Cir. 2005)). The role of the Court is to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand". *Daubert*, 509 U.S. at 597.

████████████████████████████████████

████████████████████████████████████

8

██████████████████████████████████████████████████████████████

████████. Accordingly, Ammerman's purported expert testimony should be excluded.

**A. Ammerman's Valuation Was Based on Incomplete and Insufficient Data**

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████ ██████████████████████████████ ████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████.

██████████████████████████████████████████

██████████████████████████ ████████████████████████████

██████████████████████████████████████████████████████████████

"[W]hen an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." *Amorgianos v. National R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir.

---

[4] ██████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
█████████████████████████████████████████████████

2002).  In *MTX Communications Corp. v. LDDS/WorldCom, Inc.*, the Court excluded expert valuation testimony because "financials, management, billing problems - basic due diligence - are important variables to consider in estimating the value of the company and they were not appropriately considered."  132 F.Supp.2d 289, 293 (S.D.N.Y. 2001).  The court went on to say that the "result of such glaring omissions is that the report lacks probative value as to any extended future valuation of the company" and that the expert testimony was unreliable.  *Id.*; *see also Bickerstaff v. Vassar College*, 196 F.3d 435, 449 (2d Cir. 1999) (upholding trial court's determination that expert evidence should be excluded because "it omitted the major variables").

The proffered expert opinion testimony of Ammerman should be excluded for the same reason.

The preliminary valuation work prepared by Piper Sandler was not based upon sufficient data for purposes of a fair market valuation, and was not intended to and does not constitute an expert opinion as to the fair market value of Covis as of the Valuation Date. Accordingly, the Court should not admit Ammerman's testimony nor the July 22 and August 1 Presentations as expert opinion testimony in this action.

**B. Ammerman Did Not Use a Reliable Methodology for Determining an Appropriate EBITDA Multiple**

Ammerman's purported expert testimony should also be excluded because, ███

████████████████████████████████████████████████████

██████████████████████████████████████ Expert testimony can be excluded where "there is simply too great an analytical gap between the data and the opinion proffered, connected only by the *ipse dixit* of the expert." *Edmondson v. RCI Hosp. Holdings, Inc.*, 2020 WL 1503452, at \*6 (S.D.N.Y. Mar. 30, 2020), reconsideration denied, 2020 WL 2731968 (S.D.N.Y. May 26, 2020) (expert did not explain why averaging two amounts would be an appropriate or accurate way to determine damages instead of a performing more nuanced analysis, and did not try to apportion different costs among the contract); *Bayoh v. Afropunk LLC*, 2020 WL 6269300, at \*5 (S.D.N.Y. Oct. 26, 2020) (*ipse dixit* testimony excluded because expert did not apply rigorous analysis or methodology to arrive at his opinion).

The Second Circuit has explicitly rejected expert valuation opinions based on valuation multiples that were not selected using a reliable methodology:

> Among the indicia of unreliability were Dewey's inability to explain a number of variables and assumptions used in his analysis, such as price/earnings multipliers, income projections, and which companies were comparable to those being valued; his failure to adjust his calculations to account for variances between the businesses sold by Keene and the companies against which he compared them . . . . Similarly, Evans . . . relied on plaintiffs' counsel to provide her with information on

"comparable companies"—without verifying whether those companies were indeed comparable and without adjusting her analyses to account for variances . . .

*Lippe v. Bairnco Corp.*, 99 F. App'x 274, 279 (2d Cir. 2004) (upholding exclusion of valuation experts).

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████  ███████████████  █████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████.

## **CONCLUSION**

In this unusual circumstance, Plaintiff has designated a witness as an expert without the witness's prior knowledge or consent. ████████████████████████████████████

███████████████████████████████████████████

████████████████████. For these reasons and those discussed above, Defendants respectfully

12

submit that the Court should grant their Motion and exclude the purported expert testimony of

Jeffrey Ammerman.

Dated:  August 16, 2021
New York, New York

Respectfully submitted,

By: */s/ Sheila A. Sadighi*
Sheila A. Sadighi (*pro hac vice*)
Frank T.M. Catalina
Jennifer A. Randolph
**ROLNICK KRAMER SADIGHI LLP**
1251 Avenue of the Americas
New York, New York 10020
(212) 597-2800
ssadighi@rksllp.com
fcatalina@rksllp.com
jrandolph@rksllp.com

*Attorneys for Defendants*